CRAWLEY, Judge,
dissenting.
I respectfully dissent. First, I note that our review of the summary judgment in favor of Allstate does not encompass the issue whether Clardy’s personal trailer was a “covered automobile” under DOE’s business automobile insurance policy. Therefore, the only issue is whether the “completed operations” exclusion to the policy precludes coverage of the accident that occurred in this case.
The “completed operations” exclusion provides that there is no coverage after the insured’s “work” has been completed. The majority holds, as a matter of law, that DOE’s “work” was strictly limited to its repair of Raspberry’s Mule and that, once that repair was accomplished, DOE’s “operations” were “complete.” I disagree.
Section 10(b) of the “completed operations” exclusion specifically provides that the insured’s “work” includes “Materials, parts or equipment furnished in connection with such work or operations.” A nearly identical policy provision was at issue in Southern Guaranty Insurance Co. v. Scott, 289 Ala. 159, 163, 266 So.2d 602, 606 (1972) (“ ‘ “Operations” include materials, parts or equipment furnished in connection therewith.’ ”). I believe it is a question of fact whether Clardy’s agreeing to loan his personal trailer to Raspberry and his undertaking to have DOE employees load Raspberry’s Mule onto the trailer constitutes the furnishing of equipment in connection with DOE’s operations. Unlike the majority, I do not think it is determinative that “the use of DOE’s equipment was not generally offered as a service by DOE.” 896 So.2d at 502 (emphasis added). Accordingly, I cannot distinguish Southern Guaranty Insurance Co. v. Scott, supra, as the majority does, on the basis that in Scott “all fertilizer purchasers were provided with the equipment.” 896 So.2d at 502 (emphasis added). It is undisputed that DOE occasionally deviated from its nonuse-of-equipment policy; therefore, it is a question of fact whether loaning the trailer and undertaking to load the Mule onto the trailer in this case was done in furtherance of DOE’s business operations.
If such actions were in furtherance of DOE’s business operations, then the operations were not complete until Raspberry returned the borrowed trailer to DOE. See Southern Guar. Ins. Co. v. Scott, supra. Accord Surdyka v. DeWitt, 784 P.2d 819, 821 (Colo.Ct.App.1989)(holding that, under a general liability insurance policy defining “operations” to include “equipment furnished,” operations were not complete at the time of the injury because the equipment furnished by the insured had not yet been returned to the insured).
It is true that in Surdyka, the “equipment furnished” had been rented rather than loaned. However, I see no valid distinction between rented equipment and borrowed equipment, for purposes of the “completed operations” exclusion, because, in either case, the insured retains a continuing interest in the transaction and is expecting the return of its equipment. See Southern Guar. Ins. Co. v. Scott, 289 Ala. at 165, 266 So.2d at 608 (distinguishing Ketona Chem. Corp. v. Globe Indem. Co., 404 F.2d 181 (5th Cir.1968), on the basis that “the insured had no further control or interest in the transaction” after it furnished the equipment to its customer).
*505 I would reverse the summary judgment in favor of Allstate and remand the cause for further proceedings.